[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The assignment of error, which alleges that the trial court erred in granting summary judgment in favor of defendant-appellee Employee Solutions, Inc. (ESI), is overruled. Plaintiff-appellant Teachers' Insurance and Annuity Association of America, Inc. (Teachers), argues that ESI impliedly assumed defendant EITC Corporation's liability under a lease with Teachers when ESI purchased ETIC's assets and occupied the leased space, along with ETIC, for a period of time. We disagree.
A corporation that purchases the assets of another corporation is not liable for the debts and obligations of the seller corporation unless the buyer expressly or impliedly agrees to assume the liabilities, the transaction amounts to a de facto merger or consolidation, the buyer corporation is merely a continuation of the seller corporation, or the transaction is entered into fraudulently for the purpose of escaping liability. See Welco Industries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344,617 N.E.2d 1129; Flaugher v. Cone Automatic Machine Co.
(1987), 30 Ohio St.3d 60, 507 N.E.2d 331.
The record shows that ESI did not assume the debts and liabilities of ETIC. There was an express agreement that ESI was not to assume ETIC's liabilities. The lease was not assigned by ETIC to ESI. In fact, the lease prohibited any assignment. During the short period of time that ESI occupied the premises, all rent was paid. Because the record contains no evidence of fraud, or an express or implied agreement for the assumption of ETIC's liabilities by ESI, the trial court was correct in finding that ESI did not assume ETIC's liability under the lease with Teachers by purchasing ETIC's assets. Id.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.
Enter upon the Journal of the Court on August 16, 2000
per order of the Court.